**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FLORENCIANO GREGORIO ALONSO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,[1]<br><br>Respondent. | ) | No. 2:26-cv-03528-SHL-atc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On November 9, 2026, pro se Petitioner Florenciano Gregorio Alonso filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[2] (ECF No. 2.) He challenges the legality of his continuous ICE custody. (Id. at PageID 3.) Petitioner does not state when he entered the United States. (See id.) He has been in ICE custody at the West Tennessee Detention Facility since October 2, 2026. (ECF No. 2-1 at PageID 11.) He seeks, among other things, immediate release, or a prompt individualized bond hearing. (ECF No. 2 at PageID 9.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the warden of the West Tennessee Detention Facility is dismissed from the case.

[2] Petitioner also filed an Emergency Motion for Expedited Consideration and Immediate Release. (ECF No. 3.) The Motion is **GRANTED IN PART** to the extent Petitioner seeks expedited review and an order requiring Respondent's response, and it is **DENIED IN PART WITHOUT PREJUDICE** as to Respondent's request for immediate release.

interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) The Clerk of Court shall email copies of **the Petition (ECF No. 2) and this Order** to the United States Attorney for the Western District of Tennessee at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner shall file a reply after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 10th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE